# STATE OF MICHIGAN

# COURT OF APPEALS

BECKETT FAMILY RENTALS, L.L.C., and
MICHAEL J. BECKETT,

UNPUBLISHED
July 23, 2015

Plaintiffs-Appellants,

v

No. 321252
Kent Circuit Court
LC No. 13-003627-CB

SCHWEITZER TITLE AGENCY, LTD.,

Defendant-Appellee.

Before: MARKEY, P.J., and MURPHY and STEPHENS, JJ.

PER CURIAM.

Plaintiff, Beckett Family Rentals, L.L.C., appeals by right the trial court's order granting summary disposition to defendant pursuant to MCR 2.116(C)(10). We affirm.

On November 26, 2008, plaintiff closed on its purchase of real property in Grand Rapids, Michigan. Defendant provided title commitment services insuring receipt of good title through closing. The title insurance policy covered "[A]ny defect in or lien or encumbrance on the Title" and provided "insurance against loss from (a) A defect in the Title caused by . . . (iii) a document affecting Title not properly created, executed, witnessed, sealed, acknowledged, notarized, or delivered" and "(vi) a document not properly filed, recorded, or indexed in the Public Records." Pursuant to an agreement between plaintiff and sellers, sellers placed funds in escrow with defendant, to be disbursed in the amount of any water/sewer bill past due at closing, the final amount of which plaintiff was to inform defendant of within 60 days of closing. On December 2, 2008, defendant issued two checks to the City of Grand Rapids totaling $568.83, the full amount of two past due water bills. Sometime before the city applied the payments, which was on December 11, 2008, the city issued a winter 2008 property tax assessment for the property, totaling $45.70 plus fees. The city added the $568.83 in past due water bills to this amount for a total balance of $614.53. In applying the checks, the city first paid portions of the property taxes, then portions of the administrative fees, and then applied the remaining $536.61 toward water bills. As a result, plaintiff's winter 2008 tax assessment reflected a payable balance of $45.70, which was the original amount of taxes and fees. Plaintiff did not pay this amount, nor did it pay 2009 or 2010 property taxes. The city foreclosed on the property in 2011. Plaintiff sued defendant for breach of contract and negligence, and the trial court granted defendant's motion for summary disposition under MCR 2.116(C)(10).

-1-

On appeal, plaintiff argues it established a genuine issue of material fact whether defendant's issuance of checks on December 2, 2008 breached the parties' contract, resulting in foreclosure. We review de novo the trial court's decision on a motion for summary disposition under MCR 2.116(C)(10). *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003). Summary disposition is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Smith v Globe Life Ins Co*, 460 Mich 446, 454-455; 597 NW2d 28 (1999). In deciding whether an issue of material fact exists, all affidavits, pleadings, depositions, admissions, and documents must be considered in a light most favorable to the opposing party. *Id*. at 454. A party asserting breach of contract must establish "(1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Miller-Davis Co v Ahrens Const, Inc*, 495 Mich 161, 178; 848 NW2d 95 (2014). Our task in construing a contract is to give effect to the parties' intent, and where a contract's language is unambiguous, the plain and ordinary meaning of its words reflects the parties' intent as a matter of law. *In re Smith Trust*, 480 Mich 19, 24; 745 NW2d 754 (2008).

The parties' title insurance policy was a contract, and the parties agree that defendant was obligated to remit $568.83 to the city to pay the outstanding water bills. But nothing in the unambiguous language of the policy or escrow agreement bound defendant to remit funds on a specific date or before the winter 2008 property taxes were assessed. The escrow agreement only required plaintiff to inform defendant of the final amount owed within 60 days of closing, which defendant was then obligated to pay. Defendant satisfied that obligation when it issued checks in that amount on December 2, 2008. Plaintiff has thus not established as a genuine issue of material fact that defendant breached a term of the parties' contract.

Moreover, defendant was only bound to pay amounts affecting title payable at the date of closing, specifically the outstanding water bills. After defendant's payment of these bills—regardless how the city allocated the funds to the winter 2008 bills—plaintiff's balance consisted of the exact amount of the property's winter 2008 tax assessment, $45.70, which became payable after the closing date and therefore was plaintiff's sole responsibility. The unambiguous terms of the parties' contract did not obligate defendant to pay this amount since it issued after closing; consequently, defendant's conduct was not a cause-in-fact or a proximate cause of the property's foreclosure. Instead, plaintiff's failure to pay its winter 2008, 2009, and 2010 property tax assessments resulted in the foreclosure of the property. Because plaintiff has not established a genuine issue of material fact regarding whether defendant's actions caused its damages, the trial court properly granted defendant's motion for summary disposition. MCR 2.116(C)(10).

We affirm. As the prevailing party, defendant may tax costs pursuant to MCR 7.219.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Cynthia Diane Stephens

-2-